VANDE ZANDE, by Guardian *ad litem,* Plaintiff, vs. BETTER
FARMS, INC., Defendant and Appellant: ERDMAN, Inter-
pleaded Defendant and Respondent.

*February 25—April 8, 1947.*

192

The cause was submitted for the appellant on the brief of *A. D. Sutherland* of Fond du Lac, and for the respondent on the brief of *Erwin Weinke* of Fond du Lac.

FAIRCHILD, J.    The corn picker attached to appellant's tractor was about twelve feet wide, part of it extending onto the shoulder on the right side of the road.    Very little, if any, of the corn picker extended beyond the tractor on the left side. Near the center of the back of the tractor, just below the driver's seat, between four and five feet from the ground, was a white light, powerful enough to make it possible to work with the corn picker at night.    At the time of the accident this light was on, focused downward onto the corn picker. The testimony indicates that the light was similar in appearance to an automobile headlight.    There was no other light on the back of the tractor or corn picker.

Appellant urges that instructions were erroneous.    We find no prejudicial error.    Appellant's failure to have a red light or reflectors in place on the tractor is not disputed, and the negligence chargeable to respondent as found by the jury did not under the circumstances of this case amount to a superseding intervening cause.    The evidence sustains the findings of the jury, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.